# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**GARY KIMBLE,**

    **Petitioner,**

 v.              Case No. 06-C-1321

**JUDY SMITH, Warden,**
**Oshkosh Correctional Institution,**

    **Respondent.**

## DECISION AND ORDER

This matter comes before the Court on Gary Kimble's ("Kimble") petition for a writ of habeas corpus, 28 U.S.C. § 2254. Kimble pled guilty in state court to three counts of armed robbery with threat of force, one count of robbery with threat of force, one count of fleeing police in a motor vehicle, and one count of hit-and-run driving in which another person was injured. The circuit court imposed a complicated concurrent sentence structure,[1] explaining that it "basically" was giving Kimble ten years in prison with a maximum of five years extended supervision.

One of the sentences imposed by the circuit court (twenty-five years imprisonment for robbery with threat of force) exceeded the maximum imposed by law. Accordingly, the circuit court subsequently amended the judgment pursuant to Wis. Stat. § 973.13 (excessive sentences, errors cured). Under the amended judgment, Kimble received the maximum allowable sentence

---

[1] *See* Docket No. 6, Exhibit B (Decision of Wisconsin Court of Appeals upon submission of no-merit briefs, December 14, 2005).

for the robbery charge (fifteen years imprisonment). Still, the ultimate sentence structure remained the same: ten years initial confinement, followed by five years of extended supervision.

Kimble claims that he was denied due process when the circuit court corrected his sentence without holding a hearing or allowing him to present further evidence. However, the correction of a clerical error in the judgment is not a "critical stage" which triggers the constitutional right to be heard. *See, e.g., U.S. v. Portillo*, 363 F.3d 1161, 1166 (11th Cir. 2004) (defendant's absence when the court corrects clerical or ministerial mistakes does not rise to a deprivation of due process). The circuit court's correction did not result in a longer sentence for Kimble. *See United States v. Jackson*, 923 F.2d 1494, 1497 (11th Cir. 1991) (where "the entire sentencing package has not been set aside, a correction of an illegal sentence does not constitute a re-sentencing requiring the presence of the defendant, so long as the modification does not make the sentence more onerous"). Therefore, Kimble's constitutional rights were not violated when the circuit court amended the judgment.

Also pending is Kimble's motion for appointment of counsel. As stated above, Kimble's claim is deficient as a matter of law and can be resolved on the basis of the state court record. Therefore, an evidentiary hearing is unnecessary and the interests of justice do not require appointment of counsel. *See, e.g., Quinn v. Dooley*, 272 F. Supp. 2d 839, 844 (D.S.D. 2003) (interests of justice do not require appointment of counsel where issues are not complex and claims can be resolved on basis of state court record).

-3-

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Kimble's motion for appointment of counsel [Docket No. 11] is **DENIED**; and

2. Kimble's petition for a writ of habeas corpus is **DENIED**.

Dated at Milwaukee, Wisconsin, this 20th day of September, 2007.

**SO ORDERED,**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**